UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ARTHUR E. PEYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00421-WTL-MPB |
| | ) | |
| PFIZER, | ) | |
| ELI LILLY & CO., | ) | |
| KAREN LEINENBACH, DR., OBGYN, | ) | |
| DR. MEREDITH WILLIAMS, | ) | |
| DR. ANGELA DEWEESE, | ) | |
| I.U. MEDICAL CENTER, | ) | |
| DR. ALLEN LADD, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening and Dismissing Complaint and
Directing Plaintiff to Show Cause**

**I. Background**

Plaintiff Arthur E. Peyton is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Screening

The complaint is allegedly brought under 42 U.S.C. § 1983 and names the following defendants: 1) Pfizer (makers of Zoloft); 2) Eli Lilly & Co. (makers of Pericocet); 3) Dr. Karen Leinenbach, OBGYN; 4) Dr. Meredith Williams; 5) Dr. Angela DeWeese; 6) IU Medical Center; and 7) Dr. Allen Ladd. The plaintiff also brings products liability claims and claims of negligence and medical malpractice. The plaintiff seeks millions of dollars in compensatory and punitive damages for the death of his son.

### A. *Allegations*

The plaintiff alleges that Drs. DeWeese, Ladd, Leinenbach, and Williams prescribed Zoloft and Pericocet to the mother of his son, Michelle Neuhoff, during her pregnancy. He alleges that those medications have been proven to cause birth defects. He alleges that the medical malpractice and poor bedside manner of Dr. Ladd and Dr. Leinenbach "hastened the death of Arthur Peyton, Jr and put his parents through extreme physical and mental torture in violation of the 8th and 9th Amendments to the United States Constitution." Dkt. No. 1, p. 4. He alleges that Dr. DeWeese, Obgyn, "also contributed." *Id.* at p. 5. Dr. Williams allegedly prescribed high doses of Pericocet throughout Ms. Neuhoff's pregnancy at a time when Eli Lilly and Company had already released guidance memos about the dangers of using Pericocet during pregnancy. *Id.* at pp. 5-6. Exhibits to the complaint indicate that Arthur E. Peyton, Jr. was born on October 6, 2011, and died on September 7, 2012. Dkt. No. 1-1, p. 2.

B. *Discussion*

1. *Section 1983 Claims*

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the United States Constitution or laws. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010). Private persons "may not be sued for merely private conduct, no matter how discriminatory or wrongful." *Id.* at 746 (internal quotation omitted).

None of the defendants are state actors. They are private citizens and corporations. "For a private actor to act under color of state law he must have had a meeting of the minds and thus reached an understanding with a state actor to deny plaintiffs a constitutional right." *Wilson v. Warren County, Ill,* 830 F.3d 464 (7th Cir. 2016) (internal quotation omitted). Even if defendant IU Medical Center were shown to be a state actor, the plaintiff does not allege any wrongdoing on the part of that defendant. Without participation in a constitutional violation, there can be no liability. Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions…."). Here, because the defendants did not act under color of state law, the plaintiff has failed to state a section 1983 claim. Therefore, all constitutional claims must be dismissed on this basis.

2. *State Law Claims*

The plaintiff's state law medical malpractice, products liability, and negligence claims belong in state court rather than this district court because diversity jurisdiction is not alleged. 28 U.S.C. § 1332. Thus, the state law claims are dismissed without prejudice for lack of jurisdiction.

3. *Pro Se Litigant*

To the extent the plaintiff attempts to bring any claims for damages on behalf of the mother of his son, he may not do so because he is not an attorney. As a *pro se* litigant, he may only bring claims on his own behalf. "A nonlawyer can't handle a case on behalf of anyone except himself." *Georgakis v. Illinois State University, et al.,* 722 F.3d 1075, 1077 (7th Cir. 2013).

### III. Show Cause

"A plaintiff can plead himself out of court by pleading facts that show that he has no legal claim." *Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (internal quotation omitted).

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through January 12, 2018,** in which to either show cause why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

   **IT IS SO ORDERED.**

Date: 12/14/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Arthur E. Peyton, #259960
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only