UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ARTHUR E. PEYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00421-WTL-MPB |
| | ) | |
| PFIZER, | ) | |
| ELI LILLY & CO., | ) | |
| KAREN LEINENBACH, DR., OBGYN, | ) | |
| DR. MEREDITH WILLIAMS, | ) | |
| DR. ANGELA DEWEESE, | ) | |
| I.U. MEDICAL CENTER, | ) | |
| DR. ALLEN LADD, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Pending Motions and Plaintiff's Response to Order to Show Cause, Dismissing Action and Directing Entry of Final Judgment**

**I. Pending Motions**

The plaintiff's motion for judgment on the pleadings alleges that he is entitled to judgment in his favor because the defendants have not yet answered the complaint. He is mistaken. The defendants have not been served with the complaint because when the Court screened the complaint in accordance with 28 U.S.C. § 1915A(b), it concluded that the complaint failed to state a claim upon which relief can be granted. Dkt. No. 13. The plaintiff's motion for judgment on the pleadings, Dkt. No. 14, is **denied.**

Michelle Neuhoff, the mother of the plaintiff's son who passed away, has filed a motion to be added as a plaintiff. That motion, Dkt. No. 16, is **denied** because this action is being dismissed for failure to state a claim upon which relief can be granted. Thus, there is no action to

join. Ms. Neuhoff may determine whether she wishes to bring her own claims in a separate action and in what forum.

## II. Response to Show Cause Order

In the screening Entry, the Court ruled that the defendants were not state actors and thus any constitutional claims failed to state a claim upon which relief can be granted. The plaintiff now argues that the defendants acted under color of state law because they were allegedly employed by I.U. Medical Center. The fact that some of the defendants may have been employed by a university, however, does not necessarily render them state actors. *See Shields v. Illinois Dept of Corrections,* 746 F.3d 782, 797-98 (7th Cir. 2014) (physicians employed by university were not state actors, even when they had treated a prisoner on one occasion).

In addition, the plaintiff alleges that the defendants violated his rights under the Eighth and Ninth Amendments to the United States Constitution. Dkt. No. 1. The Eighth Amendment only applies to the treatment of prisoners. *See Daniel v. Cook County,* 833 F.3d 728, 733 (7th Cir. 2016) ("when the government takes people into its custody so that they are no longer able to take steps to protect their own health," … "[t]he Eighth Amendment's prohibition on cruel and unusual punishment requires governments not to act with deliberate indifference to serious threats to prisoners' health and safety."). No action by any defendant was directed toward the plaintiff as a prisoner. Similarly, "the Ninth Amendment is a rule of interpretation rather than a source of rights." *Goodpaster v. City of Indianapolis,* 736 F.3d 1060, 1075 (7th Cir. 2013) (internal quotation omitted). These constitutional claims are **dismissed for failure to state a claim upon which relief can be granted.**

Having dismissed the constitutional claims, the Court need not consider whether the plaintiff would even have standing to bring any claim under the alleged circumstances.

In response to the Court's order to show cause why this action should not be dismissed, the plaintiff also argues for the first time that this Court has diversity jurisdiction. A plaintiff relying on diversity jurisdiction must allege the citizenship of each defendant. *See Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002) (complaints that lack sufficient jurisdictional allegations are subject to dismissal for lack of jurisdiction); *Adams v. Catrambone,* 359 F.3d 858, 861 n. 3 (7th Cir. 2004) ("When the parties allege residence but not citizenship, the [district] court must dismiss the suit.") (internal quotation omitted). Plaintiff does not allege the citizenship of the parties, nor do the parties appear to be diverse. There must be "complete diversity between all named plaintiffs and all named defendants"—meaning that no named plaintiff is from the same state as any named defendant—"and no defendant [may be] a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Accordingly, jurisdiction cannot be based on 28 U.S.C. § 1332.

While not deciding the question of timeliness, it also appears that any potentially viable claims would be time-barred. The products liability and medical malpractice statute of limitations under Indiana law is two years after the cause of action accrues. Ind. Code § 34-20-3-1; Ind. Code § 34-18-7-1; *David v. Kleckner,* 9 N.E. 2d 147, 152-53 (Ind. 2014). The plaintiff's son passed away in 2012. Plaintiff alleges that news media discussed the warnings about Zoloft issued by the American Medical Association as early as 2010 and warnings about the use of Pericocet during pregnancy were issued in 2009. Dkt. No. 1. This action was filed on September 9, 2017. Timeliness, however, is an affirmative defense for which there are issues of when claims accrue and reasonable diligence, which is why the Court is not grounding its decision in this Entry on lack of timeliness.

Because the federal claims are dismissed for failure to state a claim upon which relief can be granted, even if there were viable state law claims, the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c).

### III. Conclusion

The plaintiff was given an opportunity to show cause why this action should not be dismissed. He attempted to do so, but the Court still finds that this action must be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). Judgment consistent with this Entry and with the Entry of December 14, 2017, Dkt. No. 13, shall now issue.

**IT IS SO ORDERED.**

Date: 1/17/18

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Arthur E. Peyton, #259960
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only